IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| **GUY CHOATE and JEFFREY RICKMAN** | | **PLAINTIFFS** |
| V. | 4:07-CV-01170-WRW | |
| **UNITED STATES ARMY CORPS OF ENGINEERS, et al.** | | **DEFENDANTS** |

## ORDER

Pending is Plaintiff's Motion for Attorney Fees and Costs (Doc. No. 63). Defendants have responded.[1]

**I.  BACKGROUND**

A November 5, 2008, Order held that the Corps's decision to proceed with an EA rather than an EIS violated NEPA, and granted Plaintiffs' Cross-Motion for Summary Judgment.[2] MBC filed its Notice of Appeal on November 19, 2008,[3] and the Corps asserts that it has until February 2, 2009, to appeal -- if it chooses to do so.[4]

**II.  DISCUSSION**

Plaintiffs assert that based on the November 5, 2008, Order, they are the "prevailing party" and are entitled to attorneys' fees and costs under Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[5] Defendants contend that Plaintiffs' Motion is premature.

---

[1] Doc. No. 69.

[2] Doc. No. 52.

[3] Doc. No. 54.

[4] Doc. No. 69.

[5] Doc. No. 64.

1

Under the EAJA, a prevailing party "seeking an award of fees and other expenses" must do so "within thirty days of final judgment in the action . . . ."[6] The EAJA defines a final judgment as "a judgment that is final and not appealable . . . ."[7] Since the November 5, 2008, Order was appealable (and has been appealed) a final judgment has not been entered in this case. Accordingly, Plaintiffs' motion is premature.[8]

## CONCLUSION

Because final judgment has not been entered, Plaintiffs' Motion for Attorney Fees and Costs is premature, and is DENIED without prejudice. The motion may be refiled once a final judgment is entered.

IT IS SO ORDERED this 28th day of January, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[6] 28 U.S.C.A. § 2412(d)(1)(B).

[7] 28 U.S.C.A. § 2412(d)(2)(G).

[8] See *Harmon v. U.S. Through Farmers Home Admin*, 101 F.3d 574, 587 (8th Cir. 1996) (holding that when a motion for fees is filed before a final judgment, the Court should refrain from ruling on "the question of attorney fees until the litigation is final for purposes of the EAJA").