IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GUY CHOATE and JEFFREY RICKMAN                                              PLAINTIFFS

V.                                      4:07-CV-01170-WRW

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.                                                        DEFENDANTS

### ORDER

Pending is Plaintiffs' Motion for Attorney Fees and Costs (Doc. No. 85). The United States Army Corps of Engineers ("the Corps") has responded (Doc. No. 88).

**I.      BACKGROUND**

A November 5, 2008, Order held that the Corps's decision to proceed with an EA rather than an EIS violated NEPA, and granted Plaintiffs' Cross-Motion for Summary Judgment.[1] The Judgment was entered on November 5, 2009.[2] Both MBC and the Corps appealed.[3] The Corps voluntarily dismissed its appeal on March 27, 2009.[4] On May 8, 2009, the Eighth Circuit dismissed MBC's appeal "for want of a final appealable order."[5]

**II.     DISCUSSION**

Plaintiffs assert that based on the November 5, 2008, Order, they are the "prevailing party" and are entitled to attorneys' fees and costs under Equal Access to Justice Act ("EAJA")

---

[1] Doc. No. 52.

[2] Doc. No. 53.

[3] Doc. Nos. 54, 71.

[4] Doc. No. 74.

[5] Doc. No. 82.

28 U.S.C. § 2412.[6]  The Corps contends that Plaintiffs are not entitled to fees and costs because its position was "substantially justified."[7]  In the alternative, the Corps asserts that Plaintiffs' counsel's rate is "capped at $125 an hour" and that his request inappropriately includes time spent dealing with non-federal Defendants.

### A.    "Substantially Justified"

When attempting to avoid a mandatory award of fees under the EAJA, the government has the burden to prove that its position was "substantially justified."[8]

The Corps contends that its position was substantially justified because (1) "other federal and local agencies supported the Corps's permit decision"; (2) the Corps's "environmental review addressed many of the issues Plaintiffs challenged"; and (3) the Corps "included expansive mitigation requirements to remedy any unavoidable wetland impacts."[9]  I disagree.

There were numerous issues that support the fact that the Corps's actions were not substantially justified.  For example, the Corps overlooked (or ignored?) the "market entry approach" when assessing the availability of the Otter Creek location;[10] improperly segmented

---

[6]Doc. No. 64.

[7]Doc. No. 88.

[8]*Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995).

[9]Doc. No. 88.

[10]The November 5, 2008 Order reads:

> I can find no evidence in the record -- nor is any cited by the parties -- that the Corps considered whether the Otter Creek location was available at the time MBC "entered the market." In fact, I was unable to find any definitive evidence of when MBC actually purchased (a.k.a. "entered the market"") the North Hills property.
> . . .
> To summarize: (1) based on the record, the Corps neither gathered evidence nor determined the exact date MBC "entered the market"; and (2) it is unclear from the record how the Corps went from insisting that the Otter Creek site was an available alternative location to concluding that the site was not available.  Finally, MBC did not provide sufficient information on the <u>need</u> to locate the Shoppes in a wetland.

"connected actions" in an effort to avoid obvious transportation issues;[11] "ignored its *own* qualified experts when it accepted MBC's traffic proposal wholesale, despite the FHA's strong criticisms of the proposal,"[12] and failed to consider transportation impacts.  Based on my review of the entire record, it appears to me that the Corps's actions were not simply negligent oversights; rather, the actions exhibited a knowing willingness to ignore evidence and law that might stifle the Corps's authority to issue a permit.

### B.  Non-Government Defendant

The Corps asserts that Plaintiffs' total hours should be reduced by 30 hours to exclude time spent "litigating against MBC."[13]  However, courts have permitted plaintiffs to recover for time litigating against non-government defendants when the defendants' positions are "closely aligned."  If an "alignment of interests existed between the positions of the government and the intervenor-defendants," it makes no difference which party filed a particular motion to which the plaintiff had to respond.[14]  An alignment of interests existed here, and Defendants' positions substantially overlapped -- so much so that the Order granting Plaintiffs' motion for summary judgment hardly differentiated between the two.  Additionally, Defendant MBC was a necessary

---

      Accordingly, the Corps's conclusion that no practicable alternative to the North Hills site existed was arbitrary and capricious. (Doc. No. 52).

[11]"Despite the Corps's position, and MBC's insistence that transportation improvements have nothing to do with its permit application, the record reflects that the Shoppes and the transportation improvements are connected actions.  In fact, the Corps concluded in the EA that the 'proposed project . . . would require additional infrastructure improvements and modifications.'"

[12]Doc. No. 52.

[13]Doc. No. 88.

[14]*American Lung Ass'n v. Reilly*, 144 F.R.D. 622, 629 (E.D.N.Y. 1992) (citing *Environmental Defense Fund v. Environmental Protection Agency*, 672 F.2d 42 (D.C. Cir.1982)).

3

party since Plaintiffs requested a temporary restraining order "enjoining [MBC] from conducting any activities on the Project site . . . that would disturb the status quo thereon."[15]

### C. Statutory Cap

The EAJA limits the hourly rate of attorneys' fees to $125, "unless the court determines that . . . a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee."[16] The Supreme Court has recognized that a "distinctive knowledge" or "specialized skill needful for the litigation" are relevant when considering awarding fees above the EAJA's statutory cap.[17]

Plaintiffs' counsel requests the rate of $250 an hour. He asserts that his "fees are competitive with the rates of other environmental attorneys in Arkansas" and "reflect [his] year of training and experience . . . ."[18] Plaintiffs' counsel points out that since 1985, "the major focus of [his] practice has been in the field of environmental law. He also provides affidavits from Mr. Sam Ledbetter, Esq. and Mr. Henry Bates, Esq, both reputable Little Rock lawyers who practice environmental law.

I believe that this case was difficult and involved various nuances of a quite complex regulatory scheme under NEPA law, which called for a lawyer with Mr. May's expertise. The supporting affidavits provide additional support for Plaintiffs' claim.

---

[15] Doc. No. 1.

[16] 28 U.S.C. § 2412(d)(2)(A).

[17] *Pierce v. Underwood*, 487 U.S. 552, 572 (1988).

[18] Doc. No. 86.

Based on the above, I find that Plaintiffs are entitled to attorney's fees in excess of the statutory maximum in the EAJA.[19] However, Mr. Mays requested rate of $250 per hour is reduced to $225 per hour.

### D.     Hours Expended

After reviewing the hours listed by Plaintiffs, I believe all are reasonable except for two. Both the time for "review and consideration of Final Scheduling Order" (.9 hours) and time spent to preparing the Motion for Attorney Fees (approximately 10 hours) will be cut in half. Accordingly, 5.45 hours will be subtracted from Plaintiffs' requested 128.9 hour total. The new total is 123.45 hours.

### E.     Expenses

Plaintiffs seek $639.42 in expenses. The Corps contends that recoverable expenses are limited under the EAJA, and that Plaintiffs are not permitted to recover costs for postage, travel expenses, or transcripts of a deposition that did not involve the Corps. However, the Eighth Circuit has found that "attorney travel expenses, postage, and photocopying costs" could be awarded under the EAJA.[20] Considering the Eighth Circuit's position and that Defendants were "closely aligned", Plaintiffs are entitled to the full $639.42.

---

[19] Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(A).

[20] *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988) (finding that "the district court has the authority under § 2412(d)(2)(A) to award 'those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried.'") (citation omitted).

5

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiffs' Motion for Fees, Costs, and Prejudgment Interest (Doc. No. 85) is GRANTED.  Plaintiffs are entitled to $27,776.25[21] in attorneys fees and $639.42 in costs from the Corps.

IT IS SO ORDERED this 15th day of July, 2009.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[21] $225 x 123.45 hours = $27,776.25.